255 N.J. Super. 278 (1991)
605 A.2d 238
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TIMOTHY RAY DOLLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 7, 1991.
Decided May 20, 1991.
*280 Before Judges BAIME and A.M. STEIN.
Wilfredo Caraballo, Public Defender, attorney for appellant (J. Michael Blake, Assistant Deputy Public Defender, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Cherrie Madden Black, Deputy Attorney General, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
Following the denial of his motion to suppress evidence, defendant entered a retraxit plea of guilty to possession of cocaine (N.J.S.A. 2C:35-10a(1)). The Law Division imposed a probationary term of two years and a fine of $500. Defendant now appeals, contending that the search of his person and vehicle was unlawful. We agree and reverse.

I.
On September 30, 1988, Detective William T. Johnson submitted an affidavit in support of a search warrant for a combined residence and place of business located in Dennis Township. *281 The affidavit alleged that Elmer Harris, the owner of the premises, was selling various controlled dangerous substances from this location. This allegation was based upon information received from several informants. Although the affidavit alleged in general fashion that Harris was selling cocaine from both his residence and place of business, the only particularized information pertained to sales conducted from Harris' second-floor bedroom. The affidavit alleged that large quantities of cocaine were being sold on an ongoing basis and that Harris had received several guns as payment for the drugs. The premises were described as a two-story structure, containing a Gulf gasoline station and convenience store in the front and a dwelling in which Harris and his daughter resided in the rear. Pursuant to Detective Johnson's request, the warrant authorized the search of the entire premises, including "all outbuildings and vehicles [present] at the time of ... execution."
The warrant was executed at approximately 4:30 p.m. on September 30, 1988. Ten State Troopers entered the premises with guns drawn. Approximately 20 minutes after initiating the search, Trooper Susan M. David noticed defendant's automobile in the front of the building parked in a parking area to the right of the gasoline pumps near the entrance to the convenience store. Trooper David and Detective Richard Ashman advised defendant that they were conducting a search of the premises and all vehicles present pursuant to a search warrant. Defendant was asked whether he would consent to a search of his automobile. Trooper David read a consent to search form which stated that defendant had the right to refuse.
Apparently believing that the consent form authorized the search of defendant's person as well as his automobile, Detective Ashman reached into defendant's front shirt pocket and discovered a small packet containing cocaine. Defendant was then asked whether "he had anything else on him." Because defendant appeared "nervous," the officer directed him to a nearby garage where a search of his undershorts disclosed a *282 matchbox containing three additional packets of cocaine. A small quantity of cocaine was also discovered in defendant's automobile.
Based upon this evidence, the Law Division denied defendant's motion to suppress. In his oral opinion, the judge made no finding, one way or the other, concerning whether the warrant properly authorized the search of defendant's automobile. Instead, the judge concluded that defendant had voluntarily consented to the search of the vehicle and that there was probable cause to search his person.
We hold that both searches were invalid. We are convinced that the authorization contained in the warrant was overly broad, that the State failed to establish the voluntariness of defendant's consent to search his automobile, and that there was no reasonable basis to search defendant's person. We will consider these issues seriatim.

II.
Initially, we find that the warrant improperly authorized the search of all vehicles present on the premises. A warrant providing for the search of persons or vehicles without a particularized description to distinguish its subjects from the general public violates both the New Jersey Constitution and the Fourth Amendment to its federal counterpart. State v. Sims, 75 N.J. 337, 345, 382 A.2d 638 (1978). In addition to a particularized description, both Constitutions require that there be probable cause to believe property described in the warrant will be found at the specified premises and in the possession of the identified suspect. Id. at 347, 382 A.2d 638.
The sufficiency of a warrant to search automobiles identified only by their presence at a specified place depends upon the facts. State v. De Simone, 60 N.J. 319, 321, 288 A.2d 849 (1972). There is none of the vice of a general warrant if the vehicle to be searched is identified by physical nexus to the ongoing criminal event and the circumstances disclose a reasonable *283 probability it is in some way involved in the illicit endeavor. Id. at 322, 288 A.2d 849. So long as there is good reason to suspect or believe that an automobile present at the anticipated scene will be part of the criminal scheme, presence may properly be considered the descriptive fact satisfying the Fourth Amendment. Ibid.
We stress that "mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause" to search a person or automobile. Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245 (1979). A search or seizure must be supported by probable cause "particularized" with respect to that individual or vehicle. Ibid. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person or car may happen to be. Ibid.
Two critical variables are the place to be searched and the nature of the criminal activity which is the subject of the investigation. Simple entry into a public area such as a store or gasoline station, without more, does not provide probable cause to suspect a person of illegal activity. State v. Sims, 75 N.J. at 350, 382 A.2d 638. Presence in a public place is not necessarily indicative of criminal confederacy. Ibid. In a different context, we have held that a warrant to search premises used for the continuing retail sale of controlled dangerous substances may authorize the search of all persons present "if the search is conducted at a time when sales ordinarily take place, if the premises are not of a sort likely to be also frequented by the public for lawful purposes, and if, as a result, a person who is in the premises when the police enter or arrives there during the search is likely to be a party to the unlawful activity." State in the Interest of L.Q., 236 N.J. Super. 464, 472, 566 A.2d 223 (App.Div. 1989), certif. den. 122 N.J. 121, 584 A.2d 199 (1990).
*284 The warrant here and the resulting search satisfy none of these criteria. It is undisputed that defendant's automobile was parked in a public area near the front entrance to the convenience store. There was no affirmation that sales took place in this area or in the store itself. Both the gasoline station and convenience store were open for business when the warrant was executed. Those parking their vehicles in the area reserved for that purpose cannot fairly or reasonably be tainted by the illegal activities which, according to the affidavit, took place in Harris' second-floor bedroom to the rear of the store. Mere presence in the front parking lot during daytime, business hours was not in any way suggestive of criminal involvement. Nothing in the affidavit or in the circumstances surrounding execution of the warrant disclosed a likelihood of criminal confederacy.
While we traditionally afford deference to the issuance of search warrants, see State v. Sheehan, 217 N.J. Super. 20, 524 A.2d 1265 (App.Div. 1987), we are convinced that the warrant in this case conferred unbridled discretion upon the executing police officers to search individuals innocently at the scene. The warrant provided the police with unlimited authority to search vehicles that happened to be present. We conclude that the warrant was overly broad and did not satisfy constitutional requirements.

III.
We also find that the State failed to establish the voluntariness of defendant's consent to search. It is well settled that a valid consent to search must be "clear, knowing, voluntary, unequivocal, and express." State v. Sugar, 100 N.J. 214, 234, 495 A.2d 90 (1985). Under our Constitution, where the State seeks to justify a search on the basis of consent, "it has the burden of showing that the consent was voluntary, an essential element of which is knowledge of the right to refuse *285 consent." State v. Johnson, 68 N.J. 349, 354, 346 A.2d 66 (1975).
Against this backdrop, we conclude that the circumstances surrounding defendant's consent to search were inherently coercive. The overriding fact is that the officers apprised defendant that they were executing a search warrant which authorized the search of the premises and all automobiles present at the scene. In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the United States Supreme Court invalidated a search and reversed a conviction under circumstances similar to those presented here. As phrased by the Court, the issue was "whether a search can be justified as lawful on the basis of consent when that `consent' has been given only after the official conducting the search has asserted that he possesses a warrant." Id. at 548, 88 S.Ct. at 1791, 20 L.Ed.2d at 802. The Court held that "there can be no consent under such circumstances." Ibid. In reaching this conclusion, the Court emphasized the State's heavy burden in proving voluntariness, and reasoned that "[t]his burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." Id. at 548-549, 88 S.Ct. at 1792, 20 L.Ed.2d at 802.
We reached the same conclusion in State v. LaDuca, 89 N.J. Super. 159, 214 A.2d 423 (App.Div. 1965). There, the defendant acquiesced to the search of his person when confronted by police officers who presented him with an illegal warrant. We said that the defendant's acquiescence in the officers' demand to search his person and car "was ... clearly the product of the exercise of authority by the [police] as manifested by the exhibition of the search warrant to him." Id. at 166, 214 A.2d 423.
We recognize that this case is somewhat distinguishable because we have the added fact that defendant was advised of his right not to consent to the search. Despite this fact, we stress that the circumstances were pregnant with police coercion. *286 See LaFave, Search and Seizure, § 8.2(a) at 176 (1981). According to Trooper David's account, defendant was apparently present when the police raided the premises. The presence of ten State Troopers with guns drawn acting in tandem cannot be ignored. We do not suggest that this show of force was unlawful or improper. We merely point to this fact as one of the many in the mosaic of circumstances confronting the defendant. We hold that under these circumstances, the officers' claim of authority to search defendant's automobile under a warrant was "instinct with coercion." Bumper v. North Carolina, 391 U.S. at 550, 88 S.Ct. at 1792, 20 L.Ed.2d at 803. The State did not satisfy the "exacting" standards of establishing a "waiver of the warrant requirement by consent." State v. Sugar, 100 N.J. at 234, 495 A.2d 90; see also State v. Boud, 240 N.J. Super. 171, 179, 572 A.2d 1182 (App.Div. 1990).

IV.
We also reject the State's argument that the search of defendant's person was either incident to his arrest or was predicated upon exigent circumstances. We first address the State's claim that the search was incident to an arrest. It is axiomatic that the validity of a search incident to an arrest depends upon the validity of the arrest. The sequence of events is important because the validity of an arrest without a warrant cannot be judged by what a search revealed. State v. Doyle, 42 N.J. 334, 342, 200 A.2d 606 (1964). The right to arrest must pre-exist the search. Ibid. Officers cannot search in order to arrest, nor arrest because of the product of the search. Ibid. Applying this principle here, it is abundantly plain that the police lacked probable cause to arrest the defendant. As we pointed out earlier, defendant's mere propinquity to suspected criminal activity did not give rise to probable cause to arrest him. See Ybarra v. Illinois, 444 U.S. at 91, 100 S.Ct. at 342, 62 L.Ed.2d at 245. The State has referred us to no other circumstance or combination of circumstances providing a reasonable basis for defendant's arrest. Detective Ashman *287 described defendant as appearing "nervous." However, the officer testified that defendant's "nervousness" was observed only after the initial search of his shirt pocket and discovery of cocaine. Beyond this, defendant's nervousness was not unusual under the circumstances, and clearly was not suggestive of criminal involvement. State v. Lund, 119 N.J. 35, 48, 573 A.2d 1376 (1990); State v. Letman, 235 N.J. Super. 337, 340 n. 2, 562 A.2d 260 (App.Div. 1989). In short, we are convinced that the circumstances preceding the search of defendant's person were not such as to satisfy the probable cause requirement.
The State's argument that the search was predicated upon exigent circumstances must fail for the same reason. The police did not have probable cause to believe that defendant was involved in criminal conduct.

V.
We hold that the Law Division erred by denying defendant's motion to suppress. The police seized the contraband contrary to the mandate of the Fourth Amendment. The record does not indicate that the evidence would have been "inevitably discovered." State v. Sugar, 100 N.J. at 236, 495 A.2d 90.
Accordingly, the judgment of conviction is reversed and the matter is remanded for further proceedings.