NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2029
_____

MIGUEL DURAN,

Appellant,

v.

WARDEN SEAN THOMAS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-000294)
District Judge: Honorable Renée Marie Bumb

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

Opinion filed: August 27, 2010

_____

OPINION

_____

PER CURIAM

Appellant Miguel Duran, who was incarcerated pretrial at the Atlantic County

(New Jersey) Justice Facility, filed a petition for writ of habeas corpus, challenging his

detention by the Atlantic City Municipal Court on a controlled substances violation.

Duran claimed in his petition that he was subjected to a warrantless arrest on December 26, 2009 pursuant to Complaint No. W2009-0090870/02, and detained for 14 days without a probable cause hearing in violation of his rights under the Fourth and Fourteenth Amendments.  Duran sought dismissal of the charges and release from custody.  He also claimed that the court imposed excessive bail in the amount of $85,000 in violation of the Eighth Amendment.  Duran later supported his habeas corpus petition with a memorandum of law, in which he observed that his detention without a hearing had increased to 38 days.

The District Court assumed jurisdiction over Duran's petition pursuant to 28 U.S.C. § 2241 and Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  In an order entered on March 17, 2010, the court summarily dismissed the petition for failure to exhaust state remedies and lack of extraordinary circumstances.  See id. at 443 (section 2241 jurisdiction without exhaustion at the pretrial stage should only be exercised where extraordinary circumstances are present).  On May 4, 2010, Duran filed a post-judgment letter/motion for leave to amend under Federal Rule of Civil Procedure 15.[1]  Misunderstanding the District Court's original decision regarding jurisdiction, Duran

---

[1] The motion was dated March 19, 2010 and the evidence of record indicates that it was mailed on that date.  A pro se prisoner's motion for reconsideration may be deemed filed at the time it is delivered to prison authorities for mailing.  Smith v. Evans, 853 F. 2d 155, 161 (3d Cir. 1988).  See also Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (liberality of Rule 15 "is no longer applicable once judgment has been entered.  At that stage, it is Rules 59 and 60 that govern the opening of final judgments.").

sought to amend his petition in order to seek habeas corpus relief under section 2241 rather than 28 U.S.C. § 2254. On April 5, 2010, Duran filed a notice of appeal. In an order entered on July 12, 2010, the District Court denied the post-judgment motion. Repeating its original reasoning, the court concluded that jurisdiction was proper under 28 U.S.C. § 2241, but Duran had not exhausted his state remedies. Therefore, under Moore, 515 F.2d at 443, he would have to show extraordinary circumstances and he had not done so. Accordingly, there was no basis for the court to change its original decision, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).

On appeal, our Clerk advised Duran that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed that submission.

We have jurisdiction under 28 U.S.C. § 1291 and Fed. R. App. Pro. 4(a)(4)(B)(i) (if party files notice of appeal after court enters judgment but before it disposes of motion for reconsideration notice becomes effective when order disposing of such motion is entered). Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial

3

question is presented by this appeal. As explained by the District Court in its original and subsequent opinions, section 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States," Moore, 515 F.2d at 442 n.5 (quoting 28 U.S.C. § 2241). Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance "pre-trial habeas interference by federal courts in the normal functioning of state criminal processes." Id. at 445-46. Upon careful review of the record, we conclude that Duran's habeas corpus petition does not present any extraordinary circumstances and is an attempt "to litigate constitutional defenses prematurely in federal court," id. at 445.

Duran has not exhausted his state remedies and he alleged nothing in his petition to suggest that his warrantless arrest was unique. In Moore, we held that there was nothing in the nature of the speedy trial right to qualify it as a per se extraordinary circumstance that warranted dispensing with the exhaustion requirement. See id. at 446. Similarly, there is nothing in the nature of Duran's warrantless arrest for a controlled substances violation to qualify it for pre-trial, pre-exhaustion habeas corpus relief. See generally State v. Dolly, 605 A.2d 238, 242 (N.J. Super. Ct., App. Div. 1991) (discussing when search of defendant's person is valid as incident to arrest); State v. Sessions, 412 A.2d 1325, 1331 (N.J. Super. Ct., App. Div. 1980) (same).

For the foregoing reasons, we will summarily affirm the order of the District Court

4

dismissing Duran's habeas corpus petition.