**UNITED STATES of America**

v.

**Rudolph THOMPSON, Appellant.**

**Nos. 95–5049, 95–5050 and 95–5189.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 19, 1995.

Decided Nov. 15, 1995.

---

5. For example, on February 3, 1993, Chief Judge Moore found it necessary to issue a memorandum of the entire Virgin Islands Bar on where writs of review should be filed.

6. See *McLaughlin v. ARCO Polymers, Inc.*, 721 F.2d 426, 430–431 (3d Cir.1983), for a further description of the Pennsylvania savings statute.

Kevin McNulty, Office of United States Attorney, Newark, NJ, for Appellee.

Patrick A. Mullin, Hackensack, NJ, for Appellant.

Before: BECKER, HUTCHINSON,* Circuit Judges, and LANCASTER,** District Judge.

## OPINION OF THE COURT

PER CURIAM:

Section 3E1.1 of the United States Sentencing Guidelines (USSG) instructs:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

*Id.* at § 3E1.1(a) (1994). Effective November 1, 1992, the Section was amended to provide an additional third level of reduction for a defendant with an offense level of 16 or greater who has assisted the prosecution by

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

USSG § 3E1.1(b) (1994) (listed as Amendment No. 459 in Appendix C to the USSG).

This sentencing appeal by defendant Rudolph Thompson presents the question whether Amendment 459, which became effective approximately 18 months after Thompson was sentenced, should be applied retroactively to provide a third level of reduction to his Guidelines offense level. The district court, which sentenced Thompson to a term of 108 months imprisonment, held that it did not, and denied Thompson's request for a one-level reduction in his sentence pursuant to the Guideline amendment. Following the holdings of every other circuit that has addressed the retroactivity question, we agree, and hence we affirm.

### I.

Thompson pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). After reviewing the Presentence Report, the district court found an adjusted offense level of 32, subject to a two-level reduction pursuant to § 3E1.1 for acceptance of responsibility. The total offense level of 30, combined with Thompson's Criminal History Category of II, produced a sentencing range of 108–135 months.

■ Thompson moved the district court for the additional level of reduction for acceptance of responsibility pursuant to Amendment 459, but the district court denied the motion, finding that Thompson was moving for a retroactive application of the amendment. In doing so, the court relied upon *United States v. Solis–Solis,* 810 F.Supp. 1231, 1234 (D.Kan.1993). This appeal followed. The district court had jurisdiction pursuant to 18 U.S.C. §§ 3231, 3582(c). We have jurisdiction to review its order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over legal questions concerning the proper interpretation of

* Judge Hutchinson became ill prior to the submission date and was unable to participate in the decision of this case before his death on October 8, 1995.

** The Honorable Gary L. Lancaster, United States District Judge for the Western District of Pennsylvania, sitting by designation. Although Judge Lancaster is not a judge of this court, his participation in this two judge decision is authorized because the Chief Judge of this court, by order filed on October 20, 1995, declared a judicial emergency. *See* 28 U.S.C. § 46(b).

the Sentencing Guidelines. *U.S. v. Shirk,* 981 F.2d 1382, 1394 (3d Cir.1992).

## II.

 Thompson grounds his claim for an additional, third level of reduction for acceptance of responsibility on both the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). As we recently explained, "[W]hen a crime is covered by the Sentencing Guidelines, the sentence is computed based not only on the relevant guidelines, but also on the Sentencing Commission's policy statements and commentary." *U.S. v. Bertoli,* 40 F.3d 1384, 1404–05 (3d Cir.1994). We must also, therefore, look to any applicable policy statements.

The Sentencing Commission has issued a policy statement regarding retroactivity of amended guidelines. It provides:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized.

. . . . .

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499 and 506.

U.S.S.G. § 1B1.10 (1994).

 The applicable statute, 18 U.S.C. § 3582(c)(2), states in relevant part that "in the case of a defendant who has been sentenced to a term of imprisonment ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection

(c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2). Amendment 459 is not listed in § 1B1.10(c). Therefore, by the plain language of the policy statement, it does not have retroactive effect.

Our holding is in accord with the law of the other circuits. In fact, eight circuits have relied upon the plain language of USSG § 3E1.1 and 18 U.S.C. § 3582(c)(2) to hold that Amendment 459 should not be applied retroactively. *See, e.g., U.S. v. Dullen,* 15 F.3d 68, 70–71 (6th Cir.1994) (collecting cases). Furthermore, in holding that an amendment specifically listed in the policy statement at § 1B1.10 has retroactive effect, we cited with approval the opposite conclusion that an amendment not so listed would not have retroactive effect. *U.S. v. Marcello,* 13 F.3d 752, 757 (3d Cir.1994) (citing *U.S. v. Rodriguez,* 989 F.2d 583 (2d Cir.1993)).

We therefore hold that Amendment 459, amending USSG § 3E1.1, does not apply retroactively to allow a third level of reduction in Thompson's sentence. The judgment of the district court will be affirmed.