

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# USA v. Gill

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3032

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Gill" (2003). *2003 Decisions.* Paper 443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3032

UNITED STATES OF AMERICA

v.

BURRELL C. GILL
Appellant

On Appeal from the United States District Court for the Virgin Islands
(Criminal No. 90-cr-00165)
District Court Judge: Hon. Raymond L. Finch, Chief Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 29, 2003

Before: ROTH, McKEE, Circuit Judges, and COWEN, Senior Circuit Judge

(Filed: June 23, 2003 )

OPINION OF THE COURT

PER CURIAM.

Burrell Gill appeals the district court's denial of his motion for a reduction of

sentence under to 18 U.S.C. §3582(C)(2). Our review of legal questions concerning the

proper interpretation of the Sentencing Guidelines is plenary. *United States v. Thompson*,

70 F.3d 279, 280 (3d Cir. 1995). For the reasons that follow, we will affirm.

Inasmuch as we write only for the parties, we need not recite the factual

background of this case. Gill argues that the district court erred by failing to retroactively

apply United States Sentencing Guideline Amendments 500 and 518 in deciding his

motion for a reduction of sentence.  The applicable statute, 18 U.S.C. §3582(C)(2),

provides in relevant part, that

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment . . . if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(C)(2) (2003).  The Sentencing Commission's most recent policy

statement regarding the retroactivity of amended guidelines states that:

> (a) Where a defendant is serving a term of imprisonment, and the
> guideline range applicable to that defendant has subsequently been
> lowered as a result of an amendment to the Guidelines Manual listed
> in subsection (C) below, a reduction in the defendant's term of
> imprisonment is authorized under 18 U.S.C. § 3582(C)(2). If none of
> the amendments listed in subsection (C) is applicable, a reduction in
> the defendant's term of imprisonment under 18 U.S.C. § 3582(C)(2)
> is not consistent with this policy statement and thus is not authorized.
> . . .
> (C) Amendments covered by this policy statement are listed in
> Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379,
> 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, and
> 606.

U.S.S.G. § 1B1.10 (2003).[1]  Since Amendments 500 and 518 are not listed in subsection

(C), neither may be applied retroactively pursuant to §3582(C)(2).  We addressed a

---

[1] In reaching our decision, we note that our analysis is the same whether we apply the 2003 policy statement or the 2002 policy statement. Gill's motion was filed in June 2002 and denied a month later.  The last change to the policy statement was made in 2000.

similar issue in *Thompson.* There, we held that Amendment 459 does not apply retroactively on a §3582(C)(2) motion. 70 F.3d 279, 281 (3d Cir. 1995). We noted that the "language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (C) may not be applied retroactively pursuant to 18 U.S.C. §3582(C)(2)." *Id.* Here, as in *Thompson*, the plain language of the Sentencing Commission's policy statement precludes our applying these amendments retroactively.[2] Inasmuch as Amendments 500 and 518 are not listed in subsection (C), we must affirm the decision of the district court.

---

[2] Gill, in arguing for retroactivity, relies on *United States v. Marmolejos*, 140 F.3d 488, 491 (3d Cir. 1998) which noted that "courts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is listed in U.S.S.G. §1B1.10." However, unlike Gill, in *Marmolejos* the retroactivity question was raised by the defendant's motion for habeas relief under 28 U.S.C. §2255. *But see United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002) (relying on *Marmolejos* and considering whether a Sentencing Guideline amendment was substantive or clarifying before deciding that the amendment was not retroactively applicable).