

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2006

# USA v. Acevedo-Bruce

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Acevedo-Bruce" (2006). *2006 Decisions.* Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4732

UNITED STATES OF AMERICA
v.
LUIS ACEVEDO-BRUCE,
a/k/a COLOMBIA

Luis Acevedo-Bruce,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(No. 05-cr-315)
District Court: Honorable Jerome B. Simandle
Argued: November 8, 2006

(Filed:  December 22, 2006)

Before: Scirica, McKee and Stapleton, <u>Circuit Judges</u>


Lori M. Koch (Argued)
Assistant Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102
<u>Attorney for Appellant</u>

Christopher J. Christie
United States Attorney
George S. Leone
Chief, Appeals Division
Caroline A. Sadlowski (Argued)
Assistant United States Attorney
970 Broad Street
Newark, New Jersey 07102-2535
<u>Attorneys for Appellee</u>

OPINION

McKEE, <u>Circuit Judge</u>

  Luis Acevedo-Bruce appeals the district court's judgment of sentence arguing that

the district court misinterpreted the Sentencing Guidelines and that the government

breached the terms of his plea agreement.  For the reasons that follow, we will affirm.

I.

  Because we write primarily for the parties, we need not recite the facts or

procedural background of this case except insofar as may be helpful to our brief

discussion.  Our review of the district court's interpretation of the Sentencing Guidelines

is plenary. *United States v. Thompson*, 70 F.3d 279, 280 (3d Cir. 1995).  We also afford

plenary review to the claim that the plea agreement was breached. *United States v.

Queensborough*, 227 F.3d 149, 156 (3d Cir. 2000).

  Acevedo-Bruce first argues that the district court erred in finding that the evidence

presented at his sentencing hearing supported a two-level enhancement under U.S.S.G. §

3C1.2.  We review the district court's findings of fact for clear error.  *United States v.

Givan*, 256 F.3d 171, 177 (3d Cir. 2001).  Thus, we must accept the district court's factual

determinations unless they are "either . . . completely devoid of minimum evidentiary

support displaying some hue of credibility . . .  or . . . bear[] no rational relationship to the

supportive evidentiary data." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.

1992).

  At his sentencing hearing, Acevedo-Bruce objected to the recommendation in his

2

presentence investigation report ("PSR") of a two-level enhancement pursuant to U.S.S.G. § 3C1.2. That guideline provides for a two-level adjustment "if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. The recommendation was based on a description of the events surrounding Acevedo-Bruce's arrest contained in a police report filed the day after his arrest.

Specifically, the police report stated that several clearly identifiable law enforcement officers descended upon Acevedo-Bruce in a liquor store parking lot and ordered him to stop his van. At that point, in an attempt to evade arrest, Acevedo-Bruce accelerated and drove his van into an unmarked police car that had red and blue lights flashing on its dashboard. He then reversed the van and drove wildly around the parking lot attempting to escape—hitting two more cars in the process. The police report also stated that Acevedo-Bruce threw a plastic bag out the driver's side window, which was later determined to contain heroin, as he drove around the parking lot seeking an escape.

Acevedo-Bruce did not testify at his sentencing hearing. However, he argued through his attorney that his conduct in the parking lot was based upon his belief that he was under attack from disgruntled drug buyers. Pursuant to Fed. R. Crim. 32(i)(3)(B), the district court heard the testimony of Special Agent Towanda Thorne of the Drug Enforcement Administration to resolve the disputed portions of the PSR. The government did not question Agent Thorne because the plea agreement precluded it from arguing on behalf of sentencing enhancements. Therefore, the district court questioned

Agent Thorne to  establish an appropriate record for sentencing.

Agent Thorne testified that she was part of the team that surveilled and arrested Acevedo-Bruce.  When a signal was given, several police officers wearing tactical vests and jackets labeled "POLICE" in yellow letters had approached Acevedo-Bruce's van to arrest him.  She stated that he ignored the orders to stop, and then drove his van into the passenger side of the unmarked police car that she was in despite the fact that it had red and blue lights flashing on its dashboard and had its front and rear headlights flashing. Acevedo-Bruce then purportedly tried to use his car to push the police car out of his way in an attempt to leave the parking lot.  On cross-examination Agent Thorne admitted that she could not recall whether Acevedo-Bruce reversed his van and continued to drive around the parking lot hitting other cars in an attempt to escape.  She also had trouble recalling some other details of her encounter with the defendant.  However, she clearly recalled Acevedo-Bruce using his car as a battering ram and ramming it into her car despite the fact that she was clearly visible inside the car and red and blue lights were flashing on her dashboard.

It is  beyond cavil that the evidence presented at Acevedo-Bruce's sentencing hearing supported the district court's finding that Acevedo-Bruce recklessly created a substantial risk of death or serious bodily injury to Agent Thorne as he fled from the law enforcement officers.  Although some of the details of the encounter were sketchy, the court's finding that Acevedo-Bruce deliberately rammed his car into Agent Thorne's car is consistent with the record. That finding clearly supports the two-level enhancement for

obstruction of justice.

Next, Acevedo-Bruce argues that the district court erred in determining that he was ineligible for safety-valve relief because he used violence in connection with his offense. U.S.S.G. § 5C1.2(a)(2) states that defendants who "use violence or credible threats of violence . . . in connection with the offense[]" are not eligible for the safety valve. The government stipulated that Acevedo-Bruce was eligible for safety-valve relief because he did not use violence in connection with his offense. Nonetheless, the district court concluded that Acevedo-Bruce was ineligible because his "willful bashing" of his van into the unmarked police car was tantamount to using violence under § 5C1.2(a)(2).

Acevedo-Bruce contends that the district court misconstrued the phrase "use violence" in § 5C1.2(a)(2) because the district court's construction impermissibly permitted it to find that he used violence under the section without intending to cause injury or damage. Conversely, he argues that a sentencing court may only find that a defendant used violence under the section if he/she intends to exert physical force with the objective of causing injury or damage. We disagree.

We note at the outset that Acevedo-Bruce's conduct would certainly support a finding that he at least intended to injure Agent Thorne. However, the facts of this case do not require a precise definition of the parameters of the phrase "use violence" in § 5C1.2(a)(2). Rather, we may rest our inquiry upon the fact that § 5C1.2(a) turns upon the

5

nature of the underlying conduct, not upon the intended result of the conduct.[1] Here, Acevedo-Bruce's attempt to evade arrest by ramming his van into a police car that he knew was occupied by an officer deliberately risked serious bodily injury to Agent Thorne; it also put her life at risk. Based on this conduct alone, can we affirm the district court's determination that Acevedo-Bruce used violence in connection with his offense and was ineligible for application of the safety valve.

Finally, Acevedo-Bruce argues that the government breached the terms of the plea agreement by arguing for a sentence above the range of fifty-one to seventy-one months contemplated by the agreement. He posits that the range contemplated by the plea agreement was based on: (1) his base offense level of thirty; (2) application of the safety-valve, which would have reduced his offense level to twenty-eight; and (3) an additional three-level reduction for acceptance of responsibility. Although the government stipulated that Acevedo-Bruce was eligible for safety-valve relief, it did not promise to remain mute at sentencing or refrain from arguing for a sentence outside of a specified range. Moreover, the plea agreement did not preclude the government from making any argument respecting the factors set forth in 18 U.S.C. § 3553(a).

Instead, the plea agreement states that the statutory maximum prison sentence for

_____

[1] *See United States v. Montanez*, 82 F.3d 520, 521 (1st Cir. 1996) (explaining that the safety-valve factors "concern the defendant's prior history and the nature of the crime"); *see also United States v. Alarcon-Garcia*, 327 F.3d 719, 720 (8th Cir. 2003) (same). *United States v. Williams*, 229 F.3d 250, 259 (3d Cir. 2002) (noting that defendant who committed arson was ineligible for safety-valve relief because "[a]rson is . . . an inherently violent act").

6

Acevedo-Bruce's offense was forty years, and explains that the district court was empowered to impose any reasonable sentence up to, and including, the statutory maximum. The district court applied a two-level upward adjustment to Acevedo-Bruce's sentence based on its finding of obstruction of justice in addition to finding him ineligible for safety-valve relief. Thus, the advisory guideline range for Acevedo-Bruce's sentence was 87 to 107 months.

After the district court established the applicable guideline range, Acevedo-Bruce and the government each presented arguments regarding the appropriate sentence in light of the factors set forth in § 3553(a). Acevedo-Bruce argued for a sentence of forty-six months based on his criminal history and the circumstances surrounding the offense. Conversely, the government argued that a sentence in the 87 to 107 month range was suggested by the relevant factors.

Acevedo-Bruce did not object when the government argued that a sentence in the 87 to 107 months range was appropriate. Instead, he now argues for the first time that the plea agreement required the government to stand silent in the face of his argument for a reduced sentence based on the § 3553(a) factors.[2] Given the terms of the plea agreement, Acevedo-Bruce could not have expected to be able to muzzle the government while he argued for a lower sentence. The government's advocacy for a sentence in the 87 to 107

---

[2] Failure to object to the government's purported breach of a guilty plea agreement does not constitute waiver of the objection. *See United States v. Moscahlaidis*, 868 F.2d. 1357, 1360 (3d Cir. 1989)

7

month range did nothing more than refute Acevedo-Bruce's arguments for a sentence below that range. Since the plea agreement did not prohibit the government from arguing that the relevant § 3553(a) factors supported a sentence within the advisory guidelines range calculated by the District Court, we conclude that the government did not breach the terms of the plea agreement.

## II.

For the reasons stated above, we will affirm the district court.