**James CRUZ, Appellant,**

v.

**Warden Jonathan C. MINER; United States Marshals.**

No. 07–3066.

United States Court of Appeals, Third Circuit.

Submitted on a Motion for Summary Affirmance Pursuant to

Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 5, 2007.

Filed: Oct. 22, 2007.

---

James Cruz, White Deer, PA, pro se.

Melissa A. Swauger, Office of United States Attorney, Harrisburg, PA, for Appellees.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant James Cruz, an inmate at the Allenwood United States Penitentiary in White Deer, Pennsylvania, was convicted in United States District Court for the District of Maine of conspiracy to distribute a controlled substance and numerous firearms offenses at D.C. Crim. No. 2:96–cr–00076–GC–1. According to the criminal judgment, he was sentenced to an aggregate term of imprisonment of 420 months, to be followed by 8 years of supervised release. The Court of Appeals for the First Circuit affirmed, holding that: (1) the stop of Cruz' vehicle and resulting frisk were lawful, and the evidence seized as a result was admissible; (2) the evidence supported the weapons possession charges and underlying drug charges; (3) the trial court was within its discretion in denying a mistrial based on juror misconduct; (4) Cruz waived his claim of error in connection with alleged improper closing rebuttal statements by the government, and any error was harmless; and (5) the conviction for attempted criminal drug sale could be used as a predicate "controlled substance offense" in establishing armed career criminal status under the Guidelines, among other holdings. *See United States v. Cruz*, 156 F.3d 22 (1st Cir.1998). The United States Supreme Court denied certiorari on May 17, 1999, 526 U.S. 1124, 119 S.Ct. 1781, 143 L.Ed.2d 809 (1999).

Cruz filed his first motion to vacate sentence under 28 U.S.C. § 2255 in United

States District Court for the District of Maine on April 24, 2000, contending that he received constitutionally ineffective assistance of counsel at trial and on appeal. The motion was denied by the trial judge without an evidentiary hearing in an order entered on October 4, 2000. The Court of Appeals affirmed. *See Cruz v. United States,* 54 Fed.Appx. 331 (1st Cir.2003) (because Cruz's sentence did not exceed applicable default statutory maximum, there was no violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

On February 20, 2007, Cruz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, where he is incarcerated. He alleged violations of his *Miranda* rights, *see Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), defects in the indictment with respect to the amount of drugs charged, and that the judgement was void because it was improperly executed by the U.S. Marshal, among other claims. The Magistrate Judge filed a Report and Recommendation, in which he recommended that the petition be denied for lack of jurisdiction, and, in an order entered on July 3, 2007, the District Court, 2007 WL 1965560, did just that. The court concluded that section 2255 is not "inadequate or ineffective" to test the legality of Cruz' detention, and thus he cannot pursue his claims outside the context of a section 2255 motion filed in the sentencing court.

Cruz appeals. Our Clerk advised the parties that we might act summarily to dispose of this appeal and invited written responses. The government has moved for summary affirmance. Cruz has submitted a written response.

■ We will grant the government's motion and summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *United States v. Thompson,* 70 F.3d 279, 280-81 (3d Cir. 1995). A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. *Id.* at 120–21; *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538–39 (3d Cir.2002). There is a safety valve provided under 28 U.S.C. § 2255, but it is narrow, *In re: Dorsainvil,* 119 F.3d 245 (3d Cir.1997), and it does not extend to Cruz' claims.

■ Section 2241 allows a federal prisoner to challenge the "execution" of his sentence in habeas. *See Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005). However, we agree with the Magistrate Judge that Cruz' claim that his judgment is void because the "return" portion of the judgment was signed by a prison official is a challenge to his conviction and sentence, and not, as he argues, a challenge to the execution of his sentence. *Id.* at 242 (challenge to execution of federal prisoner's sentence includes only such matters as administration of parole, computation of prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions). As such, the District Court was without jurisdiction to entertain his federal habeas petition.

We will grant the motion for summary affirmance and summarily affirm the order

of the District Court dismissing the federal habeas petition.