

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2007

# USA v. McIntosh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. McIntosh" (2007). *2007 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2187
_____

UNITED STATES OF AMERICA

v.

JAMES MCINTOSH,
a/k/a KAREEM "BEY"

James McIntosh,
                    Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00203-2)
District Judge:  Honorable Marvin Katz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2007

Before: RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed: November 13, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Appellant, James McIntosh, appeals from the District Court's orders denying his

motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and his motion for

reconsideration. For the reasons that follow, we will affirm.

In 1997, McIntosh was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; robbery, in violation of 18 U.S.C. § 1951; and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). At sentencing, the government argued that, because McIntosh was a career offender, his offense level should be increased pursuant to U.S. Sentencing Guidelines § 4B1.1. The District Court agreed and sentenced McIntosh accordingly. McIntosh appealed. We affirmed his conviction but remanded the case for reconsideration of whether McIntosh was properly classified as a career criminal for sentencing purposes. C.A. No. 98-1252. Upon remand, the government submitted additional evidence of McIntosh's prior convictions, and the District Court again sentenced McIntosh as a career offender. McIntosh appealed, and we affirmed his sentence. C.A. No. 99-1678.

On January 12, 2007, McIntosh filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). In his motion, McIntosh argues that, under Amendment 591 to the Sentencing Guidelines, the District Court failed to conduct the appropriate relevant conduct determination as required by § 1B1.2(b) and § 1B1.3(a). The District Court denied the motion, and McIntosh appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's interpretation and application of the Sentencing Guidelines de novo. United States v. Yeaman, 194 F.3d 442, 456 (3d Cir. 1999).

2

Section 3582(c)(2) permits a court to reduce a defendant's sentence when the guideline range under which the defendant was sentenced is subsequently lowered by the Sentencing Commission. See United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002). Under § 3582(c)(2), a court may reduce a sentence in response to an amendment of the Sentencing Guidelines if the amendment is listed as having retroactive application pursuant to § 1B1.10 of the Sentencing Commission's policy statement. U.S. Sentencing Guidelines Handbook (2000). Although Amendment 591 is listed in § 1B1.10, the amendment does not reduce the guideline range to which McIntosh was sentenced.[1]

Before Amendment 591 became effective in 2000, a sentencing court could, in an atypical case, employ a guideline that did not correspond to the statute of conviction if "the guideline indicated for the statute of conviction [was] 'inappropriate because of the particular conduct involved.'" United States v. Smith, 186 F.3d 290, 297 (3d Cir. 1999) (quoting U.S. Sentencing Manuel app. A at 417 (Introduction)). Amendment 591 abrogated this interpretation, mandating that, even in atypical cases, sentencing courts apply the guideline that corresponds to the statute of conviction without regard to any uncharged conduct. United States v. Diaz, 245 F.3d 294, 303 (3d Cir. 2001).

In McIntosh's case, the sentencing court properly applied the sentencing

---

[1] Amendment 591 "modifies 1B1.1(a), 1B1.2(a), and the Statutory Index's introductory commentary to clarify the inter-relationship among these provisions. The clarification is intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited "stipulation" exception set forth in 1B1.2(a)." U.S. Sentencing Guidelines Handbook app. C at 193 (2000) (Reasons for Amendment).

3

guidelines that corresponded with the statutes of his conviction. <u>See</u> U.S. Sentencing Guidelines Handbook app. A (2000). Accordingly, Amendment 591 in no way affects the guideline range that McIntosh was sentenced within.

We note that, although McIntosh fails to identify Amendment 642 in his motion, he argues that his sentence would be reduced under U.S. Sentencing Guideline § 5G1.2, as amended.[2] As previously stated, a court may reduce a sentence in response to an amendment of the Sentencing Guidelines only if the amendment is listed as having retroactive application pursuant to § 1B1.10 of the Sentencing Commission's policy statement. U.S. Sentencing Guidelines Handbook (2002); <u>See</u> <u>also</u> 18 U.S.C. § 3582(c)(2). Amendment 642 is not listed in § 1B1.10; accordingly, it has no retroactive effect. <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995).

For the foregoing reasons, we will affirm the judgments of the District Court.

---

[2] Amendment 642 amended § 5G1.2(e), mandating that "[t]he sentence imposed for a conviction under 18 U.S.C. § 924(c) or § 929(a), shall, under that statute, consist of a minimum term of imprisonment imposed to run consecutively to the sentence on any other count. Subsection (e) requires that the total punishment determined under § 4B1.1(c) be apportioned among all the counts of conviction." U.S. Sentencing Guidelines Handbook app. C at 195 (2002).

4