

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# Zapata v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4088

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Zapata v. USA" (2008). *2008 Decisions.* Paper 1595.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1595

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-49                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-4088
_____

RAFAEL ZAPATA,
                    Appellant,
vs.

UNITED STATES OF AMERICA;
WARDEN CHARLES SAMUELS Fort Dix, NJ, et al

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civ. No. 07-cv-02680)
District Judge: Honorable Jerome B. Simandle

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and/or Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed    February 14, 2008   )
_____

OPINION
_____

PER CURIAM.

        Appellant Rafael Zapata, currently serving a federal prison sentence

imposed in United States District Court for the Southern District of New York, see United

States v. Zapata, D.C. Crim. No. 02-cr-00987, was incarcerated at the Federal

1

Correctional Institution at Fort Dix, New Jersey ("FCI-Fort Dix") when he received notice from the Bureau of Prisons ("BOP") that he would be transferred to the Big Spring (Texas) Correction Center (CI-Big Spring"), a BOP contract facility. On June 7, 2007, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the District of New Jersey, challenging the transfer on the ground that he had filed a motion to vacate sentence under 28 U.S.C. § 2255, which was pending in the Southern District of New York, see Zapata v. United States, D.C. Civ. No. 06-cv-13323. In an order entered on August 20, 2007, the District Court dismissed the habeas corpus petition for lack of jurisdiction on the basis of Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005) (transfer from one federal facility to another is "garden variety" type and may not be challenged under 28 U.S.C. § 2241).

While his habeas corpus petition was pending, Zapata actually was transferred to the Big Spring facility in South Central Texas. In an order entered on September 25, 2007, his section 2255 motion was denied by the New York District Court.

Zapata appeals the order denying his section 2241 habeas corpus petition. Our Clerk advised the parties that we might act summarily to dispose of this appeal and invited written responses. None have been filed. In addition, Zapata was granted leave to appeal in forma pauperis.

We will affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have

2

jurisdiction under 28 U.S.C. § 1291. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

A federal prisoner may challenge the execution of his sentence in a petition pursuant to section 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, a district court does not have jurisdiction over a habeas corpus challenge to a prison transfer of the kind challenged here. Woodall, 432 F.3d at 243. In Woodall, we held that a district court has jurisdiction over a prisoner's habeas corpus petition challenging the BOP's regulations that limit a prisoner's placement in a community correction center "CCC"), or halfway house. However, our decision was based on the many distinctions between a traditional correctional facility and a CCC. We explained: "CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society." Id. They have more lenient policies and thus are qualitatively different from traditional prisons.

We do not find such distinctions here between a minimum security BOP facility in New Jersey and a minimum security BOP-contract facility in Texas. Contrary to Zapata's assertion, the fact that the Big Spring Correction Center specifically houses criminal aliens awaiting deportation does not make it more like a CCC. Accordingly, the District Court was without jurisdiction to consider Zapata's section 2241 petition.

We will summarily affirm the order of the District Court dismissing the habeas corpus petition for lack of jurisdiction.

3