

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# USA v. James Kent

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Kent" (2009). *2009 Decisions.* Paper 1697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4006
_____

UNITED STATES OF AMERICA

vs.

JAMES KENT,
also known as LASHON KENT,
also known as BERNARD BEARFORT
James I. Kent, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-CR-00065)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Opinion filed: March 24, 2009)
_____

OPINION
_____

PER CURIAM.

        James Kent appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, which denied his motion to modify his term of

1

imprisonment under 18 U.S.C. § 3582(c)(2). We will affirm the Court's order.

By way of his motion, Kent sought to have his sentence reduced pursuant to Amendment 660 to the United States Sentencing Guidelines (U.S.S.G.). As the District Court noted, Amendment 660 revised U.S.S.G. § 5G1.3, and became effective after Kent was sentenced, but while his direct appeal was pending. The District Court properly denied the motion. First, Amendment 660 is not listed in U.S.S.G. § 1B1.10(c) as an amendment which may be applied retroactively. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (amendment not listed in § 1B1.10(c) is not given retroactive effect). Second, even if Amendment 660 is a clarifying amendment which might be applied to a case pending on direct appeal, see e.g., United States v. Diaz, 245 F.3d 294, 301 (3d Cir.2001); Kent's case is not on direct appeal. Third, as the District Court noted, the Amendment, which recommends that state and federal sentences run concurrently in certain situations, does not in any event apply in Kent's case, as his state sentence was due to revocation of his state-imposed parole. See U.S.S.G. § 5G1.3 comment 3(C).

For the foregoing reasons, we will affirm the District Court's order.

2