HLD-096  (March 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3914

CLINTON B. FRAZIER-EL,
                                        Appellant
v.

BUREAU OF PRISONS, DEPARTMENT OF JUSTICE;
WARDEN GRONDOLSKY, FCI FORT DIX

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-09-cv-04121)
District Judge: Honorable Jerome B. Simandle

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2010

Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: April 19, 2010)

OPINION

PER CURIAM.

        Appellant Clinton B. Frazier-el was convicted following a jury trial in

United States District Court for the District of Maryland of possession of a firearm by a

1

felon in violation of 18 U.S.C. § 922(g). He was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to a term of imprisonment of 188 months. The judgment of conviction and sentence was affirmed on appeal to the Fourth Circuit Court of Appeals. See United States v. Frazier-el, 204 F.3d 553 (4th Cir.), cert. denied, 531 U.S. 994 (2000). Frazier-el filed a timely motion to vacate sentence under 28 U.S.C. § 2255, which was denied on the merits. See Frazier-el v. United States, 2002 WL 32356686 (D. Md. June 17, 2002). The Fourth Circuit denied his application for a certificate of appealability with respect to that section 2255 motion, and dismissed his appeal. See United States v. Frazier-el, 46 Fed. Appx. 168 (4th Cir. 2002).

Frazier-el, who is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the District of New Jersey in August of 2009. In it he challenged his sentence on the ground that, as a Sheik in the Moorish Science Temple, he was authorized to possess a firearm. Moreover, his Public Defender would not allow him to put on a defense he thought was in his best interest, and, furthermore, the federal district court lacked jurisdiction to convict him. In an order entered on September 17, 2009, the District Court dismissed the habeas corpus petition for lack of jurisdiction.

Frazier-el appeals. Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed that submission.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR

2

27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. As explained by the District Court, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Frazier-el is prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his current claims.[1] "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-

---

[1] Section 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

39 (3d Cir. 2002) (per curiam) (citing <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.1986). Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, <u>see</u> <u>In re: Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997), and would not apply here because Frazier-el does not claim that he was convicted for conduct later deemed to be noncriminal by a change in law.  <u>See</u> <u>id.</u> at 251.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Frazier-el's habeas corpus petition for lack of jurisdiction.