**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2575
_____

UNITED STATES OF AMERICA

v.

JOSEPH DAVID ZEMBA,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 01-cr-00075)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010
Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed: December 14, 2010)
_____

OPINION
_____

PER CURIAM

       Joseph David Zemba appeals from an order of the United States District Court for

the Western District of Pennsylvania, which denied his motion for modification of

sentence.  Because no substantial question is presented by this appeal, we will summarily

affirm the District Court's order.

In 2001, Zemba was convicted by a jury of possession of a firearm by a convicted felon. The sentencing court determined that Zemba was an armed career criminal subject to the enhanced penalty provisions of 18 U.S.C. § 924(e) and sentenced him to 293 months in prison. This Court affirmed the judgment of conviction in 2003 and the United States Supreme Court denied Zemba's petition for a writ of certiorari that same year.

Zemba filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2007. The District Court denied his motion. Zemba then filed a petition for a writ of audita querela, which the District Court dismissed, holding that Zemba could not seek relief via a petition for audita querela when his claims were cognizable under 28 U.S.C. § 2255. This Court affirmed the District Court's order in 2009. Zemba filed the motion to modify sentence at issue here in March 2010.[1]

In his motion, Zemba sought to have the District Court modify his sentence by applying Amendment 709 to the United States Sentencing Guidelines ("U.S.S.G."). Amendment 709 amended the manner in which prior convictions are counted for purposes of determining whether a defendant is a career offender under the Guidelines. Pursuant to 18 U.S.C. § 3582(c), a sentencing guideline that has been amended after a defendant has been sentenced may be applied retroactively only if it is given retroactive effect under U.S.S.G. § 1B1.10. United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995). Zemba acknowledges that Amendment 709 is not listed in § 1B1.10 as an

---

[1] In April 2010, Zemba also filed in this Court an unsuccessful application to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244. See In re: Joseph Zemba, C.A. No. 10-1876 (order entered May 17, 2010).

amendment to be given retroactive effect. Zemba cites, inter alia, United States v. Marmolejos, 140 F.3d 488, 490 (3d Cir. 1998), and argues that courts have nonetheless applied amendments retroactively if they merely clarify the law in existence at time of sentencing. However, Marmolejos involved a direct appeal, which was not subject to the strictures of § 1B1.10. See id. at 491 ("§ 1B1.10 is not relevant to our consideration of the instant § 2255 motion, because Marmolejos does not base his motion on a post-sentence amendment lowering the guideline range applicable to his offense.").[2] We agree with the District Court that it lacked authority in a § 3582(c) proceeding to apply an amendment not listed in U.S.S.G. § 1B1.10.

We further agree with the District Court that United States v. Booker, 543 U.S. 220 (2005), does not render the provisions of § 3582(c) and § 1B1.10 merely advisory. United States v. Dillon, 130 S. Ct. 2683, 2692 (2010); United States v. Doe, 564 F.3d 305, 312-13 (3d Cir. 2009). The Sentencing Commission Policy Statements remain binding on district courts pursuant to § 3582(c)(2). Id.; United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008).

The District Court also properly noted that Zemba would not, in any event, be entitled to relief. Zemba was sentenced as an "armed career criminal," under U.S.S.G. § 4B1.4. The applicable definitions for that section are derived from statute, and are not affected by Amendment 709.

---

[2] Zemba also cites United States v. Horn, 590 F. Supp. 2d 976 (M.D. Tenn. 2008), in which the Court applied Amendment 709 to lower a defendant's sentence in a § 3582 proceeding. However, that decision was overturned on appeal. United States v. Horn,

The District Court properly denied Zemba's motion for reduction of sentence. We thus grant the Appellee's motion to summarily affirm the District Court's order.

---

612 F.3d 524 (6th Cir. 2010) (district court not authorized to resentence defendant pursuant to § 3582(c) because Amendment 709 was not listed in § 1B1.10).