HLD-039     (November 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3534
_____

BILLY RAY SMITH,
                                                    Appellant,
                            v.

WILLIAM SCISM, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-01340)
District Judge: Honorable James F. McClure
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed : March 9, 2011)
_____

OPINION
_____

PER CURIAM.

        Appellant was convicted following a jury trial in the United States District Court for

the District of Columbia of unlawful distribution of cocaine base in violation of 18 U.S.C. §

841(a) and § 841(b)(1)(e).  He was sentenced to a term of imprisonment of 240 months in

February, 1992.  The District of Columbia Circuit Court of Appeals affirmed the judgment of

1

conviction and sentence on July 5, 1996. See United States v. Smith, 90 F.3d 591 (D.C. Cir. 1996). Smith filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. See Petition, at ¶ 11(a).[1]

At issue in this appeal, Smith, who is incarcerated at the Low Security Correctional Institution at Allenwood in Pennsylvania, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania on June 28, 2010, in which he appeared to challenge his conviction and sentence. The petition did not coherently set forth a statement of the grounds for relief or supporting facts. The District Court gave Smith the opportunity to file an amended petition to remedy the defects in the original petition. Smith filed an amended petition seeking immediate release. In this petition, which again made little sense, Smith appeared to challenge his controlled substances conviction. He stated that a cover-up in the name of "Billy Rae Smith" had kept him illegally detained, his conviction is a hate crime, and he is actually innocent. In an order entered on August 12, 2010, the District Court summarily dismissed the amended habeas corpus petition for lack of jurisdiction.

Smith appeals. Our Clerk granted him leave to appeal in forma pauperis, and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed his submissions.

---

[1] The criminal docket, at Docket Entry No. 111, indicates that the section 2255 motion was denied on August 5, 2005. See United States v. Smith, Crim. No. 90-cr-00143 (D.D.C. August 5, 2005).

2

We have jurisdiction under 28 U.S.C. § 1291.  Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal.  Our review is plenary.  United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal.  As explained by the District Court, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343-44 (1974).  Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court.  See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971).  See also 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Habeas corpus under 28 U.S.C. § 2241 is reserved for unusual cases; the "safety-valve" provision of section 2255 has been strictly construed.  Dorsainvil, 119 F.3d at 251.  In Dorsainvil, we held that a petitioner could seek relief under 28 U.S.C. § 2241 in an unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, see id. at 252, and he had had no prior opportunity to present his claim.  Smith does not allege that his controlled substances conduct is now regarded as non-criminal, and he has had prior opportunities to raise his claims.  Dorsainvil thus does not apply in his case.  Cf. Okereke, 307 F.3d at 120 (Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal).  Moreover, section 2255 is not inadequate or ineffective simply because Smith is prevented by the

3

gatekeeping requirements of the statute, <u>see</u> 28 U.S.C. § 2255(h), from litigating his claims in a second or successive section 2255 motion.  As a result, the District Court was without jurisdiction to entertain Smith's federal habeas corpus petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Smith's habeas corpus petition for lack of jurisdiction.