HLD-040      (November 2010)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3482
_____

ARNOLD REEVES,
                                        Appellant,
                      v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-06351)
District Judge: Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed March 9, 2011)
_____

OPINION
_____

PER CURIAM.

        Appellant Arnold Reeves pleaded guilty in 1996 in the United States

District Court for the Southern District of New York to conspiracy to distribute and to

possess with the intent to distribute phencyclidine (PCP), in violation of 21 U.S.C. §§

812, 814(a)(1), and 841(b)(1)(A).  He also agreed to forfeit certain real and personal

1

property, and he agreed to provide substantial assistance to the Government. Ultimately, the Government declined to move for a downward departure on his behalf. Claiming that he had provided enough assistance, Reeves moved to compel the Government to submit a § 5K1.1 letter and a section 3553(e) motion for a downward departure. See U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e). After hearings, the sentencing court denied the motion and imposed a term of imprisonment of 240 months, to be followed by 10 years of supervised release. Reeves appealed, arguing that the Government acted wrongfully and in bad faith, and thus he should be granted a downward departure. The arguments were rejected by the United States Court of Appeals for the Second Circuit, which affirmed on July 17, 2002. See United States v. Reeves, 296 F.3d 113, 117 (2d Cir. 2002) (district court's factual finding that government's dissatisfaction with Reeves' assistance was honest is not clearly erroneous and thus Reeves has failed to meet his burden of showing prosecutorial bad faith).

In October, 2002, Reeves filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York, in which he raised numerous ineffective assistance of counsel claims. The sentencing court denied the section 2255 motion. See United States v. Reeves, 2005 WL 3288012 (S.D.N.Y. December 2, 2005). Thereafter, Reeves filed two additional – and unsuccessful – collateral challenges to his conviction and sentence in the Southern District of New York, see Reeves v. United States, 2008 WL 4921764 (S.D.N.Y. October 3, 2008); Reeves v. United States, 2010 WL 3791967 (S.D.N.Y. September 23, 2010).

At issue now, on December 17, 2009, and while incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, Reeves filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey. Reeves argued that his sentence should be vacated because the Double Jeopardy Clause was violated by the forfeiture, and because the Government breached the plea agreement. In an order entered on July 7, 2010, the District Court dismissed the petition for lack of jurisdiction and declined to transfer it in the interest of justice to the Second Circuit Court of Appeals.

Reeves appeals. Our Clerk granted him leave to appeal in forma pauperis, and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed his submissions.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit

3

terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Reeves is prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his claims in a second or successive section 2255 motion.[1] "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986).

Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, see In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). In Dorsainvil, we held that a petitioner could seek relief under 28 U.S.C. § 2241 in an unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, see id. at 252, and he had had no prior opportunity to present his claim. Reeves does not allege that his controlled substances conduct is now

---

[1] Section 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

regarded as non-criminal, and he has had many prior opportunities to raise his claims. Dorsainvil thus does not apply in his case. Cf. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal). As such, the District Court was without jurisdiction to entertain Reeves' federal habeas corpus petition. We further agree with the District Court that the interest of justice, see 28 U.S.C. § 1631, does not require transfer of the petition to the Second Circuit Court of Appeals for treatment as an application to file a second or successive section 2255 motion. Reeves' claims do not involve a new rule of constitutional law made retroactive to cases on collateral review or newly discovered evidence. See 28 U.S.C. § 2255(h).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Reeves' habeas corpus petition for lack of jurisdiction.