ALD-137                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1035
_____

UNITED STATES OF AMERICA

v.

JUAN PAULINO,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-15-cr-00191-001)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2017
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Juan Paulino, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion to reduce his sentence pursuant to 18 U.S.C.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 3582(c)(2).  We will summarily affirm.

## I.

On April 23, 2015, Paulino pleaded guilty in the United States District Court for the District of New Jersey to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2) (illegal reentry where the prior "removal was subsequent to a conviction for commission of an aggravated felony").  On November 12, 2015, the District Court sentenced him to a term of fifty-seven months' imprisonment in accordance with the United States Sentencing Guidelines in effect at that time.  See U.S.S.G. §§ 1B1.11(a); 2L1.2(b)(1)(A)(ii) (amended 2016).  Paulino did not pursue a direct appeal. Approximately one year later, he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 802 to the Sentencing Guidelines, which reduced the level of enhancements for an alien like Paulino who has been convicted of illegal reentry after having been previously removed for his criminal conduct.  See U.S. Sentencing Guidelines Manual app. C, amend. 802, at 155-56 (U.S. Sentencing Comm'n 2016).  The District Court denied the motion.  Paulino timely appealed.

## II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines and review the denial of Paulino's § 3582(c)(2) motion for abuse of discretion.  See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

## III.

We will summarily affirm the District Court's order because no substantial question is presented by this appeal. <u>See</u> Third Cir. LAR 27.4 and I.O.P. 10.6. "While district courts are generally prohibited from 'modify[ing] a term of imprisonment once it has been imposed,' a defendant may be eligible for a reduction of sentence if the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and if 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" <u>United States v. Flemming</u>, 723 F.3d 407, 410 (3d Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). The relevant policy statement, in turn, permits a reduction only if the Sentencing Commission has made the amendment retroactive in § 1B1.10(d). <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995) (stating that an amendment cannot be applied retroactively if it is not listed in former § 1B1.10(c), now § 1B1.10(d)). Because Amendment 802 is not listed in § 1B1.10(d), the District Court correctly concluded that it was not permitted to modify Paulino's sentence.

Accordingly, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

3