UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ARTHUR LEE HAIRSTON, SR., a/k/a
Reverend Arthur, a/k/a Big Arthur,
            *Defendant-Appellant.*

No. 01-4692

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-24)

Submitted: May 6, 2002

Decided: June 7, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joseph B. Gilbert, MCNEIL & GILBERT, Jacksonville, North Carolina, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Arthur Lee Hairston, Sr., appeals from his convictions and sentences entered after a jury found him guilty of conspiracy to distribute crack cocaine, three counts of distribution of crack cocaine, and two counts of aiding and abetting the distribution of crack cocaine. On appeal, Hairston raises numerous claims challenging both his convictions and sentences. After careful consideration, we affirm.

I.

Hairston first challenges the denial of his motion for a new trial. The district court's ruling on a motion for a new trial is reviewed for abuse of discretion. *See, e.g.*, *United States v. Stokes*, 261 F.3d 496, 502 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 1546 (2002). The motion may be granted "if the interests of justice so require." Fed. R. Crim. P. 33. In the district court and on appeal, Hairston raised seven separate grounds for granting him a new trial. However, even assuming that the trial court erred as Hairston alleges, he has failed to show any specific prejudice emanating from any of the court's rulings that he challenges. Accordingly, the district court did not abuse its discretion in denying Hairston's motion.

II.

Hairston next argues that the district court erroneously denied his motion to recuse. Hairston's motion was based on recorded conversations of prison phone calls between Hairston and his wife, following the jury's verdict, where Hairston allegedly threatened Judge Broadwater and the Assistant United States Attorney prosecuting the case. The Government made the trial court aware of the substance of Hairston's threats. Judge Broadwater denied the motion, finding that Hairston's statements were just "puffing" and not to be taken seriously.

Under 28 U.S.C.A. § 455(a) (West 1993), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In particular, a judge must disqualify himself when he has "a personal bias or prejudice concerning a party." 28 U.S.C.A. § 455(b)(1). While a defendant's alleged death threat against a judge may, in some cases, sufficiently raise the specter of partiality to warrant the judge's recusal, recusal is not automatically required simply because the trial judge becomes aware of the threats. *See United States v. Yu-Leung*, 51 F.3d 1116, 1119-20 (2d Cir. 1995). In this case, recusal was not warranted. The threats in this case were not taken seriously by the judge or the AUSA, and there is no evidence that Judge Broadwater strayed from his normal procedures. Because there were no grounds to reasonably question the trial judge's impartiality, the motion for recusal was properly denied.

### III.

Next, Hairston asserts that the district court erred in calculating the drug amount attributable to him. Specifically, Hairston complains that the controlled buys did not provide accurate calculations from which to estimate drug amounts. For example, $160 bought 1.87 grams one day and .91 grams the next, even though both these purchases were purported to be for an "8-ball" (1/8 ounce). To solve this discrepancy, the presentence report totaled the grams bought and money paid to determine the average price per gram. With these calculations, the district court and the presentence report converted testimony regarding money spent into gram weights. On appeal, Hairston alleges that, because the estimates were not exact, in each transaction without an actual weight only .1 gram should be added.

This court reviews the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). The sentencing guidelines do not demand certainty and precision; they demand that a court do the best that it can with the evidence in the record, erring on the side of caution. *See United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). Here, the court found that Hairston was responsible for at least 500 grams but less than 1.5 kilograms of crack cocaine. After a review of the record, we find that this determi-

nation is not clearly erroneous, and Hairston's assertion that a set amount of .1 gram should be used for each transaction is without support.

## IV.

*U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000) instructs that, in a case involving multiple counts of conviction, if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. Here, the district court complied with § 5G1.2(d). First, it calculated a guideline sentence of 290 months, which exceeded the statutory maximum of 240 months. *See* 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001). Second, it imposed 240 months on each count and structured the sentences to run consecutively to the degree necessary to reach the 290 month guideline sentence.

Nonetheless, Hairston alleges that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeded the statutory maximum of 240 months. Hairston acknowledges that this court, in *United States v. White*, 238 F.3d 537 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001), approved the "stacking" provision of § 5G1.2(d). However, Hairston asserts that the result in this case should be different because, in *White*, there was no objection below and the case was reviewed for plain error, while in this case Hairston properly objected.

Hairston's argument is not logically sound. In *White*, the Court found there was no plain error, because although White received sentences for multiple counts that exceeded the statutory maximum on each count, the district court would have been obligated under § 5G1.2(d) to impose consecutive sentences as necessary to achieve the total punishment mandated by the guidelines. *See id.* at 543. Here, there was no error at all, because the district court followed § 5G1.2(d), a process approved in *White*.

## V.

Based on the foregoing, we affirm Hairston's convictions and sentences. We grant the Government's motion to file a supplemental

appendix and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*