OPINION
PER CURIAM.
Appellant Arthur Hairston, a federal prisoner, was convicted following a jury trial in United States District Court for the Northern District of West Virginia of conspiracy to distribute crack cocaine, distribution of crack cocaine, and aiding and abetting the distribution of crack cocaine. He was sentenced to a term of imprisonment of 290 months. He appealed, but the Court of Appeals for the Fourth Circuit affirmed the judgment of conviction. See United States v. Hairston, 38 Fed.Appx. 884 (4th Cir.2002) (per curiam). The court held that the trial judge’s recusal was not warranted based on the fact that the government had made the judge aware of threats made by Hairston against the judge, because there was no showing of any specific prejudice resulting from any of the challenged court rulings, see 28 U.S.C. § 455. Hairston, 38 Fed.Appx. at 886. In addition, the finding that Hairston was responsible for at least 500 grams but *491 less than 1.5 kilograms of crack cocaine was not clearly erroneous. Id.[1] Finally, although Hairston received sentences for multiple counts that exceeded the statutory maximum, there was no error under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because U.S.S.G. § 5G1.2(d), the “stacking” provision, authorized the sentencing court to impose consecutive sentences as necessary to achieve the total punishment mandated by the guidelines. Hairston, 38 Fed.Appx. at 887.[2] The United States Supreme Court denied certiorari on October 15, 2002.
Hairston has twice unsuccessfully pursued relief through a motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court; his requests for a certificate of appealability were denied each time. See United States v. Hairston, 158 Fed.Appx. 451 (4th Cir.2005), and United States v. Hairston, 227 Fed.Appx. 286 (4th Cir.2007).
At issue in the instant appeal, Hairston filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the District of New Jersey, where he is presently incarcerated. He contended that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be held to be retroactively applicable to cases on collateral review, notwithstanding the United States Supreme Court’s refusal to do so, and that, if applied to his case, it would reduce his sentence to 60 months because the verdict only supported a drug amount finding of 5.32 grams. Hairston acknowledged that he unsuccessfully raised this essential argument involving the scope of Apprendi in a section 2255 motion filed in the sentencing court.
In an order entered on December 19, 2007, the District Court summarily dismissed the habeas corpus petition on the ground that a motion to vacate sentence under 28 U.S.C. § 2255, filed in the sentencing court, is the exclusive remedy for challenging a conviction and sentence, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). A federal prisoner may not resort to a habeas corpus petition under 28 U.S.C., § 2241 merely because he cannot satisfy AEDPA’s stringent gatek-eeping requirements. The District Court further explained that Blakely applies only to persons in state custody, and, although its holding was extended to persons in federal custody when the United States Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 360 L.Ed.2d 621 (2005), that the sentencing guidelines are advisory only, Hairston could not benefit from Booker because it also has not been made retroactive to cases on collateral review, see Lloyd v. United States, 407 F.3d 608 (3d Cir.2005), In re. Olopade, 403 F.3d 159 (3d Cir.2005). Moreover, the “safety valve” of In re: *492 Dorsainvil, does not apply to Booker claims, Okereke, 307 F.3d at 120-21. The District Court denied a timely motion for reconsideration in an order entered on March 5, 2008.[3]
Hairston appeals. Our Clerk notified the parties that we might act summarily to dispose of the appeal and invited written responses. Hairston submitted an item titled “Motion For Permission To Submit Already Briefed Appeal, etc.,” which we have considered and will treat as his response in opposition to summary action.
We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir.1995). A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. Okereke, 307 F.3d at 120. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. Id. at 120-21; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002). There is a safety valve provided under 28 U.S.C. § 2255, but it is narrow, In re: Dorsainvil, 119 F.3d 245 (3d Cir.1997), and it does not extend to Apprendi, Blakely, and/or Booker claims. Okereke, 307 F.3d at 120-21. As such, the District Court was without jurisdiction to entertain Hairston’s federal habeas corpus petition.[4]
We will summarily affirm the orders of the District Court dismissing the federal habeas corpus petition and denying the motion for reconsideration.

. Hairston contended that the controlled buys did not provide accurate information from which to estimate drug amounts, because $160 bought 1.87 grams one day and .91 grams the next, even though both purchases were for an "8-baH” (1/8 ounce). Because the estimates were not exact, in each transaction without an actual weight only .1 gram should be added, he argued. To solve this discrepancy, the Probation Office totaled the grams bought and money paid to determine the average price per gram, and the District Court approved this calculation. Id.

. The Fourth Circuit held that the sentencing court complied with § 5G 1.2(d) by calculating a guideline sentence of 290 months, which exceeded the statutory maximum of 240 months, 21 U.S.C. § 841(b)(1)(C), and then imposing 240 months on each count and structuring the sentences to run consecutively to the degree necessary to reach the 290 month guideline sentence. Id.

. The tenth day, see Fed. R. Civ. Pro. 59(e), excluding weekends and holidays, see Fed. R. Civ. Pro. 6(a), was January 4, 2008, the date the motion was executed.

. The Court notes that the Sentencing Commission amended the guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007, so that crack cocaine quantities generally were lowered by two levels, U.S.S.G. § 2D1.1. The Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under pri- or versions of the guidelines, and who are still incarcerated. Accordingly, this Judgment is without prejudice to any relief that might be available to Hairston pursuant to 18 U.S.C. § 3582(c)(2) on the basis of these recent amendments to the U.S. Sentencing Guidelines.