**UNITED STATES of America,**

v.

**Ronald RINES, Appellant.**

**Nos. 02–4106, 02–4107.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 11, 2003.

Decided Sept. 30, 2003.

Before ALITO, BARRY and AMBRO, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Ronald Rines pled guilty to four charges of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). At a consolidated sentencing hearing, and by motion, Rines urged the United States District Court for the Eastern District of Pennsylvania to depart downward from the otherwise applicable United States Sentencing Guidelines ("U.S.S.G."). In support of Rines' request, he raised several arguments: (1) his acceptance of responsibility for the bank robberies was far in excess of the typical defendant who merely enters a timely guilty plea; (2) he was subjected to food deprivation and frequent beatings while incarcerated at the Hudson County, NJ prison after his arrest; and (3) he may have been suffering from a diminished mental condition at the time he committed the crimes in question.

At the sentencing hearing, the District Court denied Rines' downward departure request. He filed this timely appeal based under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We, however, lack jurisdiction to review the District Court's denial of Rines' downward departure request. We may review a claim for downward departure only when a district court was not aware of its authority to do so. *United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir.1991) ("If we determine the district court was aware of its authority to depart from the Guidelines, and chose not to, we are without power to inquire further into the merits of its refusal to grant [appellant's] request."); *see also United States v. Ruiz*, 536 U.S. 622, 627–628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); *United States v. Miele*, 989 F.2d 659, 668 n. 11 (3d Cir. 1993). In addition, where a district court acknowledges it is unable to find factors that would justify a deviation from the U.S.S.G., it has recognized that the power to deviate exists. *United States v. Denardi*, 892 F.2d 269, 271 (3d Cir.1989).

The record demonstrates the District Court recognized its authority to depart downward in this case and merely refused to do so. First, at the sentencing hearing the District Court specifically addressed each purported ground for downward departure raised by Rines. Second, in response to the Government's direct question at the sentencing hearing, the District Court acknowledged it had the authority to depart downward. Third, the District Court's sentencing memorandum specifically states it "recognized that it had the discretion to consider a further downward departure based upon the factors set forth in Defendant's Downward Departure Motion, [but] it declined to do so under the facts and circumstances of this case." Supp.App. at 23.

\* \* \* \* \* \*

In this context, we lack jurisdiction to consider this appeal.