OPINION
PER CURIAM.
Appellant Ronald Riñes pleaded guilty to four counts of armed bank robbery in *730 violation of 18 U.S.C. § 2113(a) and (d). See United States v. Rines, D.C.Crim. Nos. 00-cr-00334 & 01-cr-00228. He was sentenced on October 25, 2002 in United States District Court for the Eastern District of Pennsylvania to a term of imprisonment of 188 months on each count, the sentences to run concurrently. A five-year term of supervised release also was imposed, along with a fine and restitution. Riñes was sentenced as a career offender pursuant to United States Sentencing Guidelines § 4B1.1. As a career offender, his total offense level was set at 34 and his criminal history category was set at VI. On direct appeal, Riñes challenged the District Court’s discretionary decision not to depart from the Sentencing Guidelines, and we held that we lacked jurisdiction to review that decision. See United States v. Rines, 77 Fed.Appx. 109 (3d Cir.2003).
On July 8, 2004, Riñes filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he claimed that the District Court miscalculated his criminal history category, and that counsel was ineffective in failing to challenge the miscalculation. The District Court denied the motion on January 14, 2005. In a thorough opinion, the court set forth in detail Rines’s extensive prior history of criminal convictions and determined that his sentence was proper under the Sentencing Guidelines. The court had not erred in finding that he belonged in criminal history category VI, nor did criminal history category VT misrepresent or overstate the seriousness of his prior conduct or his risk of recidivism. Riñes had argued that, under § 4A1.2(e), only three criminal history points should have been attributed to him (instead of fifteen). The court did not agree and held that the additional twelve points— three points each for federal bank robbery convictions from 1980 and 1983, and six points total for a series of six state robbery convictions from 1974- — properly were calculated, and, in any event, Riñes would fall into criminal history category VI regardless of criminal history points counted under § 4A because of the operation of § 4B. The court explained:
Under USSG § 4B, Riñes would fall into criminal history category VI regardless of the number of criminal history points the Court counted under USSG § 4A. It is evident from the review of his criminal history that Riñes had more than two prior felony convictions for crimes of violence, as defined by USSG § 4B1.2. Therefore, Riñes is a career offender, as defined by USSG § 4B, and a career offender’s criminal history category is always category VI.
Rines v. United States, 352 F.Supp.2d 569, 575 (E.D.Pa.2005).[1] The District Court therefore held that counsel’s alleged ineffective performance did not prejudice Riñes. Riñes did not appeal the denial of his section 2255 motion.
At issue in the instant appeal, on March 20, 2009, Riñes filed an “ex parte application for a nisi decree,” in which he again challenged the number of criminal history points the District Court counted under § 4A1.2.[2] The District Court denied this application for lack of jurisdiction, and Riñes appeals.
*731 Our Clerk advised Riñes that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have carefully reviewed that submission.
We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir.1995).
We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be “inadequate or ineffective,” even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971). Riñes appears to bring his petition as an independent action in equity, cf. United States v. Beggerly, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (addressing Federal Rule of Procedure 60(b)), but an independent action for relief from judgment is available only to prevent a grave miscarriage of justice, see id. at 47, 118 S.Ct. 1862. Riñes has shown no basis upon which to maintain an independent action.
Section 2255 is not inadequate or ineffective simply because Riñes is prevented by the gatekeeping provisions of the statute, see 28 U.S.C. § 2255(h), from re-litigating his Sentencing Guidelines claim.[3] “It is the efficacy of the remedy, not the personal inability to use it, that is determinative.” Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir.1986).) At a minimum, it is adequate that Riñes could have appealed the District Court’s decision denying his July 2004 section 2255 motion. Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), and would not apply to an effort to re-litigate a Guidelines claim that was previously considered in a section 2255 motion and denied on the merits.
For the foregoing reasons, we will summarily affirm the order of the District Court, denying appellant’s application for a nisi decree. Appellant’s motion to remand is denied.

. Section 4Bl.l(a) provides that: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.”

. A decree is a judgment of a court of equity, and a decree nisi is a "provisional decree, which will be made absolute on motion unless cause be shown against it.” Black's Law Dictionary 411 (6th ed.1990).

. A second or successive section 2255 motion must be authorized by a court of appeals to contain: “(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reason-_ able factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2255(h).