**UNITED STATES of America**

v.

**Leo SMITH, III, Appellant.**

No. 06–3481.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 12, 2007.

Filed: Oct. 15, 2007.

Office of United States Attorney, Scranton, PA, for United States of America.

Charles Witaconis, Ralph P. Carey & Associates, Scranton, PA, for Leo Smith, III.

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

---

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Leo Smith, III, appeals the order entered by the District Court following our remand of this case for resentencing in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In this appeal, Smith's sole challenge is to his sentence.

Pursuant to a written plea agreement, on January 28, 2004, Smith pled guilty to one count of conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. As a result of the agreement, the charge against Smith was amended to reflect no specific quantity of cocaine base, so that Smith was subject to no minimum mandatory prison term and a maximum possible prison term of 240 months. The District Court sentenced Smith to 240 months in prison on October 22, 2004. On appeal, we remanded for resentencing in light of the Supreme Court's decision in *Booker.* On remand, Smith was again sentenced to 240 months in prison. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we will affirm.

Smith argues that the District Court erred because it failed to consider adequately the Sentencing Commission's 2002 Report, which recommended the use of a 20:1 crack/powder cocaine ratio, during its analysis of the relevant sentencing factors pursuant to 18 U.S.C. § 3553(a). Instead, Smith contends that the District Court gave undue weight to the 100:1 crack/powder cocaine ratio currently enshrined in the Guidelines.

We review the District Court's sentence for reasonableness. *United States v. Cooper,* 437 F.3d 324, 327 (3d Cir.2006). The record here reflects that the District Court arrived at its decision after it gave "meaningful consideration" to the relevant § 3553(a) factors. *United States v. Charles,* 467 F.3d 828, 831 (3d Cir.2006). At the resentencing hearing, the District Court made the following findings: (1) Smith "had a leadership role in the offense," (2) the crime was an "organized scheme," and (3) "firearms were involved in [the commission of the crime]," which added an "element of extreme danger." Sentencing Recons. Hr'g Tr. 17, June 29, 2006. The District Court also "[took] into account" Smith's "criminal history." *Id.* In the end, the District Court found that "a sentence of 240 months is a reasonable sentence, having taken into account the guideline provisions, the guideline range in this case of 240 months, and all of those other [§ 3553(a) ] factors." *Id.*

We are satisfied that the District Court's sentencing methodology comports with post-*Booker* requirements. We are also satisfied that the court recognized its authority to impose a non-guidelines sentence, but chose not to do so. Indeed, we have held that a District Court is "under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." *United States v. Gunter,* 462 F.3d 237, 249 (3d Cir.2006). The District Court in this case specifically considered the crack/powder cocaine ratio, but found—given its analysis of the relevant § 3553(a) factors—that "even if this were powder cocaine treated as if under the 2002 report of the Sentencing Commission, [it] would still find a sentence of 20 years to be a reasonable sentence under the circumstances." Sentencing Recons. Hr'g Tr. 20, June 29, 2006.

Accordingly, we will affirm the sentence imposed on Smith by the District Court.