NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3093
_____

UNITED STATES OF AMERICA

v.

LEO SMITH, III,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 03-CR-00045-002)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2011
_____

Before: RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed: March 22, 2011)
_____

OPINION
_____

BARRY, Circuit Judge

    Leo Smith, III, appeals the District Court's order denying him relief under 18

U.S.C. § 3582(c)(2), thus reaffirming a previously imposed sentence of 240 months

imprisonment for his role in a drug distribution conspiracy.   For the reasons set forth

below, we will affirm.

## I.

Federal agents arrested Smith on May 9, 2003, pursuant to a criminal complaint charging him with distribution and possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On May 13, 2003, a nine-count second superseding indictment was filed, alleging in count one that Smith conspired to distribute and possess with intent to distribute more than fifty grams of crack, in violation of 21 U.S.C. § 846, and alleging in count nine that Smith possessed firearms in relation to drug trafficking felonies, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Smith entered into a plea agreement with the government, and on January 28, 2004, he pled guilty to count one. Pursuant to the agreement, count one was amended to reflect no specific quantity of crack. The government also agreed to dismiss count nine. Accordingly, Smith faced a maximum statutory sentence of 240 months and no mandatory minimum. On October 22, 2004, the District Court sentenced Smith to the statutory maximum, which was less than the imprisonment range of 262 to 327 months recommended by the Guidelines. On appeal, we remanded for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

On June 29, 2006, the District Court resentenced Smith to the statutory maximum. In declining to grant a variance under *Booker*, the Court noted that it would have imposed the same sentence had the crime involved powder cocaine, and that in sentencing Smith to

2

the maximum term it was taking into account his leadership role in the conspiracy as well as the involvement of firearms and the "extreme danger" associated with the use of firearms. App. at 127; *see also id.* at 125-32. We affirmed. *See Smith v. United States*, 250 F. App'x 522 (3d Cir. 2007), *cert. denied*, 553 U.S. 1027 (2008).

On May 11, 2010, Smith moved, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence in light of Amendment 706 to the Guidelines, which retroactively "lowered the base offense level for offenses involving most quantities of crack cocaine by two levels." *United States v. Flemming*, 617 F.3d 252, 256 (3d Cir. 2010). For purposes of the Guidelines range, the U.S. Probation Office recalculated Smith's Total Offense Level as 35, which, as it had before, included a two-level enhancement for the possession of a firearm, pursuant to § 2D1.1(b)(1). Smith's adjusted Guidelines range was 210 to 240 months.[1] In denying Smith's motion for relief under 18 U.S.C. § 3582(c)(2), the District Court again noted Smith's leadership role and the extreme danger involved with firearms, App. at 5-6, and concluded that it "remains convinced that a sentence of 240 months is appropriate in this case." *Id.* at 6.

Smith appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision "whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). However, "[w]e exercise plenary review over legal questions

---

[1] If not for the statutory maximum of 240 months, the recommended imprisonment range would have been 210 to 262 months.

concerning the proper interpretation of the Sentencing Guidelines." *United States v. Thompson*, 70 F.3d 279, 280-81 (3d Cir. 1995) (per curiam).

## II.

Smith argues that by considering his possession of a firearm as a basis to deny his request for a sentence reduction, the District Court effectively punished him twice because his Guidelines range already included an enhancement for firearms possession in connection with a drug offense. Citing to § 2K2.4 cmt. n.4[2] of the Guidelines, as well as to cases from outside this circuit, Smith contends that "[i]n general, the Guidelines seek to avoid double counting where, as here, a particular enhancement is already included in the prosecution or sentencing calculus." Appellant's Br. at 12-13. While he acknowledges that his "circumstance does not squarely implicate this rule," he argues that "the multiple use of a factor that has already been incorporated into the Guidelines is substantially similar." *Id.* at 13.

We previously have rejected this argument, and will do so again. In *United States v. Greenidge*, the defendant claimed that the district court erred at sentencing by giving undue consideration to actions by which he obstructed justice, when the Guidelines range already included an obstruction of justice enhancement. 495 F.3d 85, 102 (3d Cir. 2007), *cert. denied*, 552 U.S. 1017 (2007). Rejecting this claim, "[w]e emphasize[d] that a

---

[2]    Section 2K2.4 cmt. n.4 generally discusses when a court may apply a sentencing enhancement for weapon possession or use, but Smith does not specify which part of this multiple-paragraph section supports his theory of improper double counting.

4

sentencing court is not prohibited from considering the factual basis underlying a defendant's sentence enhancements, and indeed, *should* consider those facts in order to tailor the sentence to the defendant's individual circumstances." *Id.* at 103.

Smith's case is on all fours with *Greenidge*, and the District Court did not err in considering Smith's possession of a firearm when it declined to reduce his sentence. It is well settled that, after *Booker*, a district court must follow a three-step sentencing process. First, the court must calculate the Guidelines sentence "precisely as [it] would have before *Booker*." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Second, the court must "formally rul[e] on the motions of both parties and stat[e] on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account this Circuit's pre-*Booker* caselaw, which continues to have advisory force." *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006). Finally, the court must exercise its discretion by considering the relevant factors in 18 U.S.C. § 3553(a) in setting the sentence imposed, "regardless whether it varies from the sentence calculated under the Guidelines." *Gunter*, 462 F.3d at 247.

By considering Smith's possession of a firearm in connection with the § 3553(a) factors, the District Court followed clear post-*Booker* sentencing procedures and the guidance of the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual §§ 1B1.10 cmt. n.1(B)(i), (ii) (noting that, when considering a § 3582(c)(2) motion, the court "shall consider" the § 3553(a) factors and "shall consider" public safety considerations).

The Court did not abuse its discretion in denying Smith's motion for a sentence reduction.

## III.

We will affirm the order of the District Court.