OPINION
PER CURIAM.
Appellant Fayed Tawalbeh, a federal prisoner incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, was charged in United States District Court for the Western District of Virginia with being a member of a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) (“RICO”), and conspiring to violate RICO in violation of 18 U.S.C. § 1962(d). Tawalbeh also was charged with conspiring to damage and destroy by means of fire a building known as “The Corner Store” and to use an incendiary destructive device, a “Molotov cocktail,” in violation of 18 U.S.C. § 371; maliciously damaging and destroying by means of fire The Corner Store in violation of 18 U.S.C. § 844(i); using an incendiary destructive device, a “Molotov cocktail,” during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and conspiracy to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 846. A jury acquitted him of the RICO and drug distribution conspiracy counts, but found him guilty on the remaining counts. The sentencing court imposed a total term of imprisonment of 70 months on the arson counts, and an additional 30 years pursuant to 18 U.S.C. § 924(c) for use of a Molotov cocktail during and in relation to a crime of violence, for a total sentence of 430 months.
*234 The United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction and sentence in United States v. Abed, 2000 WL 14190 (4th Cir. January 10, 2000) (district court did not err in sentencing Tawalbeh to mandatory, consecutive thirty-year sentence under section 924(c) for using Molotov cocktail to commit The Corner Store arson). The United States Supreme Court denied certiorari.
On November 6, 2000, Tawalbeh filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, contending in part that the evidence was insufficient to prove his involvement in the arson and insufficient to convict him of aiding and abetting the use of a Molotov cocktail. The motion was denied on the merits, see Tawalbeh v. United States, 2001 WL 1274562 (W.D.Va. October 19, 2001), and Tawalbeh appealed. The Fourth Circuit denied Tawalbeh’s request for a certificate of appealability in an appeal docketed at C.A. No. 02-6835, and the Supreme Court denied certiorari.
On March 26, 2007, Tawalbeh filed a motion pursuant to 18 U.S.C. § 3582(c)(2) in the sentencing court, seeking relief under Amendment 599 of the Guidelines. The motion was denied as an unauthorized second or successive section 2255 motion, and the court provided information in its Memorandum Opinion on how to apply to the Fourth Circuit Court of Appeals for authorization to file a second or successive section 2255 motion, see Tawalbeh v. United States, 2007 WL 1097864 (W.D.Va. April 9, 2007). The Fourth Circuit affirmed in an appeal docketed at C.A. No. 07-6787.
On March 3, 2008, Tawalbeh filed a motion for authorization to file a second or successive section 2255 motion in the Fourth Circuit Court of Appeals, see In re: Tawalbeh, C.A. No. 08-0137. Tawalbeh contended in his application (which is available for viewing on the public docket) that he had newly discovered evidence of both actual innocence and prosecutorial misconduct. The application included affidavits from Christopher L. Womack, Patricia Khaled, and certain documents obtained through the Freedom of Information Act. The Fourth Circuit denied Tawalbeh authorization to file a second section 2255 motion on March 31, 2008.
At issue in the instant appeal, on July 24, 2009, Tawalbeh filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United District Court for the District of New Jersey, where he is confined, contending that he has newly discovered evidence showing that he is actually innocent of conspiracy to commit arson, arson, and use of a Molotov cocktail, and that his incarceration is accordingly a miscarriage of justice. The application included affidavits from Kimberly Spradlin, Rayed Fawzy Abed, and Patricia Khaled, and contained some of the same documentary evidence he submitted with his previous motion for authorization to file a second or successive section 2255 motion. In an order entered on October 16, 2009, the District Court denied the habeas corpus petition for lack of jurisdiction.
Tawalbeh appeals. Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed that submission.
We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir.1995).
*235 We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be “inadequate or ineffective,” even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971). Section 2255 is not inadequate or ineffective simply because Tawalbeh is prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his claims of innocence and prosecutorial misconduct.[1] “It is the efficacy of the remedy, not the personal inability to use it, that is determinative.” Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir.1986)). It thus makes no difference that, as Tawalbeh asserts in his summary action response, some of his evidence is new and could not actually have been considered by the sentencing court in the context of his first section 2255. Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, see In re: Dorsainvil, 119 F.3d 245 (3d Cir.1997), and would not apply here because Tawalbeh does not claim that he was convicted for conduct later deemed to be noncriminal by a change in law. See id. at 251.
For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Tawalbeh’s habeas corpus petition for lack of jurisdiction.

. Section 2255 provides that:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).