ALD-182                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3766
_____

FAHED TAWALEBAH,

                                                  Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-14-cv-04759)
District Judge:  Honorable Renée M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 30, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 26, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Fahed Tawalebah, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the District of New Jersey dismissing his petition for

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm.

In 1998, Tawalebah was convicted by a jury in the United States District Court for the Western District of Virginia of conspiracy to commit arson, arson, and use of a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 371, 844(i), and 924(c). The convictions stem from Tawalebah's involvement in the burning of a competitor's market by use of a Molotov cocktail. He was sentenced to 430 months in prison. His convictions and sentence were affirmed on appeal. United States v. Abed, No. 98-4637, 2000 U.S. App. LEXIS 261, at *50, 2000 WL 14190, at *16 (4th Cir. Jan. 10, 2000). Since then, Tawalebah has filed many unsuccessful collateral challenges in the sentencing court and the Fourth Circuit, including motions under 28 U.S.C. § 2244 and 2255, and a petition for a writ of error coram nobis. In 2009, he filed a habeas petition pursuant 28 U.S.C. § 2241 in the New Jersey District Court claiming that he had newly discovered evidence of innocence. The court dismissed the petition for lack of jurisdiction, concluding that the claim could be raised only, if at all, in a § 2255 motion. We affirmed. Tawalbeh v. Grondolsky, 362 F. App'x 232, 235 (3d Cir. 2010).

In 2014, Tawalebah filed another § 2241 petition, this time claiming that he is innocent of his § 924(c) conviction pursuant to the holding of Rosemond v. United States, 134 S. Ct. 1240 (2014). The District Court dismissed the petition for lack of jurisdiction, chiefly concluding that conspiracy and burning a competitor's business with a Molotov cocktail still remained criminal acts and that Tawalebah was thus not able to proceed in a § 2241 petition. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). If no substantial question is presented, we may affirm on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with the District Court that Tawalebah's § 2241 petition was not viable, but on a somewhat different rationale. In general, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, a petitioner may challenge a conviction via a § 2241 habeas petition if a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e). A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997)). Although the District Court recognized that Tawalebah was attempting to proceed on this theory, it did not address his reliance on Rosemond.

In Rosemond, the Supreme Court clarified the standard for showing that a defendant aided and abetted a § 924(c) offense, holding that the government must prove

3

that "the defendant actively participated in the underlying . . . violent crime with *advance knowledge* that a confederate would use or carry a gun during the crime's commission."[1] 134 S. Ct. at 1243 (emphasis added).  The Court explained that advance knowledge of the use of a firearm was necessary so that a defendant would have the opportunity to choose whether to continue with the crime or withdraw.  Id. at 1249.  Tawalebah, who was not involved in the actual commission of the arson, argues that he had no advance knowledge that his co-conspirators would use a Molotov cocktail to burn the market, thus making him innocent of aiding and abetting the § 924(c) offense under Rosemond.

We have not yet addressed whether a claim based on Rosemond may be brought via a § 2241 petition pursuant to the exception we recognized in Dorsainvil, and we need not do so here because the record does not support Tawalebah's claim of innocence.  See Tyler, 732 F.3d at 247 (noting that when a petitioner claims he is incarcerated based on conduct that subsequently has been rendered non-criminal, we must consider whether the record supports the claim).  On direct appeal, Tawalebah challenged the sufficiency of the evidence supporting his § 924(c) conviction, arguing that he could not be convicted as an aider or abettor because he did not directly facilitate or encourage the use of a Molotov cocktail.  See Abed, 2000 U.S. App. LEXIS 261, at *36-*37, 2000 WL 14190, at *12. The Fourth Circuit rejected this argument, holding that the following evidence was

---

[1] Section 924(c) uses the term "firearm," which can encompass a "destructive device."  See 18 U.S.C. § 924(c)(1)(B)(ii).  The Molotov cocktail used in the arson was held to be a "destructive device" within the meaning of the statute.  See Abed, 2000 U.S. App. LEXIS 261, at *49-*50, 2000 WL 14190, at *16.

4

sufficient to support the conviction under an aiding and abetting theory: (1) testimony from a witness that Tawalebah asked him several times to burn down the market with a Molotov cocktail; and (2) testimony from a co-conspirator, Chisom, that he and other conspirators met with Tawalebah a week before the arson, that the others conversed in Arabic, and that a conspirator translated the conversation for Chisom, telling him that Tawalebah would pay for the market to be burned and that it was to be burned with a Molotov cocktail. Id. at *38-*40, *12. This evidence is also sufficient to show – contrary to Tawalebah's current assertion – that he had advance knowledge that a Molotov cocktail would be used in the arson. Therefore, Tawalebah has not demonstrated that he was convicted of conduct that is no longer criminal under Rosemond and correspondingly has not demonstrated that a § 2255 motion would be inadequate to test the legality of his detention.[2]

For this reason, dismissal of the § 2241 petition for lack of jurisdiction was appropriate and we will summarily affirm the order of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] The Fourth Circuit also held on appeal that the evidence was sufficient to support Tawalebah's § 924(c) conviction under a theory of vicarious liability pursuant to Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), which permits the conviction of a defendant for acts by a co-conspirator that were "done in furtherance of the conspiracy" and that could have been "reasonably foreseen as a necessary or natural consequence" of the conspiracy. See Abed, 2000 U.S. App. LEXIS 261, at *38-*40, 2000 WL 14190, at *12. This alternate basis for Tawalebah's § 924(c) conviction would usually make it unnecessary to address the Rosemond challenge. We have addressed the argument because the District Court failed to do so and Tawalebah raised the issue on appeal.

5